**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA :**
**:**
**v. : CR. No. 06-135T**
**:**
**JUAN FORBES :**

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION FOR ISSUANCE OF RULE 17(c) SUBPOENA**

On February 16, 2007, the defendant appeared before the Court and pled guilty to counts II-V of the indictment in the above-captioned case (the government agreed to dismiss count I at the defendant's sentencing). One day prior to his entry of those guilty pleas, the defendant filed a motion seeking permission of the Court pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure to issue a subpoena to the Providence Police Department for production of records relating to the arrests of certain defendants whose narcotics related cases are being prosecuted in the state court system. In support of that motion, the defendant argues that he requires that information in order to determine if a disparity exists among similarly situated defendants and, depending upon the data received, a possible claim of unfair application of 21 U.S.C. § 851. The defendant's arguments in support of his motion are entirely without merit. The government is, therefore, requesting that the Court deny the relief requested by defendant.

**Facts and Travel**

On November 15, 2006, a federal grand jury returned a five count indictment against the defendant, charging him with conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846, distribution of more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 851(a)(1) and (b)(1)(A), and, possession of three firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). The government subsequently filed an information pursuant to 21 U.S.C. § 851 notifying the defendant that he would be subject to an enhanced penalty under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) as a result of his prior felony drug conviction. The defendant pled guilty to counts II-V of the indictment on February 16, 2007, and the government agreed to dismiss count I of the indictment at sentencing. The matter is now scheduled for a sentencing hearing on May 24, 2007.

**Argument**

A party seeking Court permission to issue a subpoena duces tecum pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure must establish, among other things, that the documents sought are evidentiary and relevant and that he is not engaging in a fishing expedition. United States v. Nixon, 418 U.S. 683, 698-700 (1974); United States v. Lieberman, 608 F.2d 889, 904 (1st Cir. 1979). In the instant case, the only issues remaining

before the Court at this post-plea phase of the proceedings relate to sentencing. Therefore, in order to carry his burden, the defendant must establish that the information contained in the booking sheets sought from the Providence Police Department is relevant to a sentencing issue and that those documents or the information obtained from them would be admissible at his sentencing hearing.

The defendant attempts to justify his subpoena request by alleging that the production of the records would be relevant to sentencing disparity considerations pursuant to 18 U.S.C. § 3553 (a)(6). This argument, however, fails to account for the fact that the defendant seeks the booking sheets for defendants charged and prosecuted in the state judicial system, thereby making them irrelevant to any disparity analysis under § 3553(a)(6). That section clearly addresses itself to the need to prevent unwarranted sentence disparities within the federal system, not disparities between sentences imposed in the federal and state systems, especially since those systems rely on entirely separate statutory schemes and sentencing procedures.

The defendant also references in his memorandum a potential claim relating to sentencing disparities created by the government's filing of the § 851 enhancement notices. With regard to this second claim, the United States Supreme Court has previously rejected the argument that such a filing could result

in an unwarranted disparity under § 3553(a)(6), holding that any resulting disparity is a foreseeable, but not improper, result of the statutory notice requirement. United States v. Labonte, 520 U.S. 751 (1997). Finally, the defendant does not now allege that the government's decision to file the § 851 information in this case was discriminatory in both effect and intent, which, along with the presentation of some evidence in support of such an allegation, is a necessary starting point in any quest for the production of the type of materials sought by way of the 17(c) subpoena and/or the mounting of a legitimate legal challenge to appropriateness of government's decision to file the enhancement notice. United States v. Armstrong, 517 U.S. 456 (1996).

**Conclusion**

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny defendant's Motion for Issuance of Rule 17(c) Subpoena.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email sandra.beckner@usdoj.gov

**Certificate of Service**

On this 21st day of February, 2007, I caused the Government's Response to Defendant's Motion For Issuance Of Rule 17(c) Subpoena to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Edward C. Roy, Esquire
Federal Defender's Office
10 Weybosset Street - Suite 300
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email sandra.beckner@usdoj.gov