IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR-06-135T |
| | : | |
| JUAN FORBES | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

The defendant moves to dismiss the information charging a prior conviction filed pursuant to 21 U.S.C. § 851 on the ground that it violates his "right to indictment as contained in the Fifth and Sixth Amendments to the United States Constitution." In requesting this relief, the defendant asks the Court to ignore the text of the statute and the case law of the First Circuit and the Supreme Court of the United States. See 21 U.S.C. § 851; United States v. Coplin, 463 F.3d 96, 104 (2006); see also Almendarez-Torres v. United States, 523 U.S. 224 (1998); United States v. Miller, 478 F.3d 48, 52 (1st Cir. 2007); United States v. Bennett, 469 F.3d 46, 51 (1st Cir. 2006); United States v. McKenney, 450 F.3d 39, 45 (1st Cir. 2006). Accordingly, the defendant's motion should be denied. See Coplin, 463 F.3d at 105 ("[w]e are bound to adhere to these precedents unless and until the Supreme Court itself disavows Almendarez-Torres.")

In Coplin, 463 F.3d at 104, as in this case, the defendant was charged with possession of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Like Defendant Forbes, as a result of a prior conviction, Coplin faced an

increased mandatory minimum sentence as a result of his prior conviction. See id. Coplin complained that the prior conviction that increased his mandatory minimum sentence "must be specified in the indictment, found by a jury beyond a reasonable doubt, or allocuted to during the change-of-plea colloquy (none of which happened here)." Id. Relying upon well-established law, the First Circuit found that the district court correctly considered the prior conviction in determining the mandatory minimum sentence. See id. at 105.

Based upon the foregoing, the government respectfully requests that the defendant's motion to dismiss be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On March 29, 2007, I caused the within “Government’s Response to Defendant’s Motion to Dismiss” to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward Roy, Esquire
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, RI 02903

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney’s Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj