UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
UNITED STATES              :
                           :
vs.                        :      CR No. 06-135-S
                           :
JUAN FORBES                :
```

**ORDER**

Juan Forbes has filed a motion to extend time to file a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the above matter.[1]

This motion must be denied.  First, the motion is premature. From this Court's records it appears that Forbes' conviction for federal drug and gun offenses was affirmed by the First Circuit on January 9, 2009.  As such, his conviction became final 90 days thereafter, i.e. on or about April 9, 2009, and he would have one year from that date -- until April 9, 2010 -- to file a § 2255 motion.

Second, even if not premature, this Court is without jurisdiction to grant it.  Although the First Circuit has not directly addressed this issue, other courts have determined that a district court is without jurisdiction to extend the time to file a 2255 motion to vacate, unless such motion to extend *is*

---

[1] Forbes has entitled his motion, "Motion for Extended Time Inference[sic] to Tolling of Filing of 28 USC 2255 as Timely," but this Court construes it as a motion to extend, as described above.

*accompanied or preceded by* the motion to vacate. See Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001) (a district court does not have subject-matter jurisdiction to extend one-year limitation period to file §2255 motion unless "(1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling of limitations period"); United States v. Miller, No. 06-CR-20080, 2008 WL 4541418 (C.D. Ill. Oct. 9, 2008) (same); United State v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (federal court lacks jurisdiction to consider timeliness of a §2255 petition until a petition is actually filed).  This is because without the filing of an actual motion for post-conviction relief, "there is no case or controversy to be heard, and any opinion [a district court] were to render on the timeliness issue would be merely advisory." Green, 260 F.3d at 82 (quoting Leon, 203 F.3d at 164).

Here, Forbes' motion to extend is not accompanied by any §2255 motion to vacate, nor does not the motion itself articulate any cognizable claim under § 2255.  In the absence of such a claim, this Court lacks jurisdiction to grant such extension, and Forbes' motion for extension must be denied. See Green, 260 F.3d at 83.

In view of the foregoing, it is hereby ORDERED that Forbes' motion to extend the time to file his § 2255 petition be DENIED.

This denial is without prejudice to Forbes' timely filing a § 2255 motion to vacate, if he so chooses.

IT IS SO ORDERED:

/s/ William E. Smith
William E. Smith
United States District Judge
Date:  February 4, 2010