```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - -
                                :
UNITED STATES OF AMERICA        :
                                :
     v.                         :      CR No. 06-135-S
                                :
JUAN FORBES.                    :
                                :
- - - - - - - - - - - - - - - -
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Juan Forbes has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the above-captioned matter. For the reasons that follow the motion is DENIED.

I.   FACTUAL BACKGROUND AND TRAVEL

On November 15, 2006, a federal grand jury in the District of Rhode Island returned a five-count indictment against Forbes. Count I charged that Forbes conspired to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846. Count II charged Forbes with distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Counts III, IV and V charged Forbes with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

Forbes was represented by Federal Defender Edward C. Roy for all proceedings in this Court, which proceedings were conducted before Judge Ernest C. Torres.

On December 7, 2006, the Government filed an information pursuant to 21 U.S.C. § 851(a) (ECF No. 7) alleging that Forbes had one prior felony drug conviction.[1] An attached copy of the state court judgment showed a conviction for Manufacture/ Delivery/Possession with Intent to Deliver a Schedule I/II Controlled Substance in Providence Superior Court in 2004, for which Forbes was sentenced to five years imprisonment, one year to serve and four years suspended.[2] Forbes did not challenge the § 851 information, as permitted under § 851(c).

On February 16, 2007, Forbes pled guilty to the substantive drug charge and the three firearms charges (Counts II - V).[3] There was no plea agreement. At the change of plea hearing Forbes acknowledged that he had a prior felony drug trafficking conviction and that he faced a mandatory minimum sentence of 20

---

[1] The effect of the § 851 information here was to increase the applicable mandatory minimum sentence for the drug offenses charged from ten years to twenty years. See 21 U.S.C. § 841(b)(1)(A).

[2] An accompanying charge of conspiracy to possess and distribute drugs was dismissed in that state proceeding. See Request to Enter Plea in State v. Forbes, P2/04-2390A, attached to § 851 Information.

[3] The Government dismissed the conspiracy count (Count I) at sentencing.

years.  (See Change of Plea Hr'g Tr. 8-9, 12, 14-15, Feb. 16, 2007 ["Plea Tr."].)

Counsel for Forbes filed a motion for issuance of a subpoena pursuant to Fed. R. Crim. P. 17(c), seeking evidence that might support a claim of racial bias in the Government's § 851 information filing practices.[4]  The Government opposed the motion.  At a hearing on the motion, Attorney Roy cited news reports of more than 100 drug arrests and subsequent state and federal prosecutions resulting from a law enforcement operation known as "Operation Crackdown," and he sought information concerning the race of those defendants who were and were not selected for federal prosecution and of those defendants who were the subject of § 851 informations.  The Court denied the motion.

Shortly thereafter, defense counsel also filed a motion to dismiss the § 851 information (ECF No. 19) on the basis that the prior conviction listed should have been included in the indictment and proved beyond a reasonable doubt.  The Government objected to the motion.  After hearing, at which Forbes did not

---

[4] Counsel had previously filed a motion to dismiss the indictment or "strike the mandatory minimum sentence" on the ground that Forbes had been selectively prosecuted due to his race (ECF No. 13) but then subsequently withdrew that motion. (ECF No. 14.)

3

dispute the existence of his prior conviction, the Court denied the motion.

The Presentence Report (PSR) calculated a guideline range of 121 - 151 months but noted that the range was preempted by the mandatory minimum sentence of 20 years made applicable as a result of the filing of the § 851 information. (PSR ¶¶ 9, 24, 36, 40, 58.) Although Forbes' prior felony drug conviction was noted therein, he did not file any objections to the PSR. Forbes also acknowledged his prior conviction in a presentence letter to the Court. (See undated letter of Juan Forbes to 'Your Honor' at 2, attached to PSR.)

At the sentencing hearing on June 7, 2007, Judge Torres inquired as to the Government's reasons for filing the § 851 information in this case. (See Sentencing Hr'g Tr. 4-5, June 7, 2007 ["Sent. Tr."].) The Government's attorney explained that the information was filed in light of Forbes' prior drug conviction, its understanding that Forbes was the leader of an ongoing conspiracy (which competed with other groups) to sell drugs and guns, and the fact that Forbes had pled guilty to selling three guns. (Id. at 5.)

The Court imposed the mandatory minimum sentence of twenty years imprisonment on the drug offense (Count II) and ten years imprisonment on each of the gun offenses (Counts III - V), all to run concurrently, followed by up to ten years of supervised

release. (Id. at 14-15.) Prior to imposing sentence, the Court did not specifically inquire of Forbes whether he affirmed or denied the prior conviction alleged in the § 851 information, nor did it inform Forbes that any challenge to a prior conviction which was not made before sentencing may not be raised afterwards to attack the sentence. See 21 U.S.C. § 851(b) (providing that such inquiry and disclosure be made after conviction but before sentencing).

Forbes appealed his conviction, represented by new counsel, Attorney Jeffrey W. Langholtz.[5] He argued that his sentence was in error because of the district court's failure to comply with the 21 U.S.C. § 851(b) colloquy requirement, as noted above. He also argued for a rejection of the 'prior conviction exception' stated in Almendarez-Torres v. United States, 523 U.S. 224 (1998). The First Circuit found that the failure to conduct the § 851(b) colloquy was not plain error and summarily affirmed Forbes' conviction and sentence on January 9, 2009. United States v. Forbes, No. 07-1971, slip op. at 1 (1st Cir. Jan. 9, 2009).

---

[5] Forbes has not asserted any claims in this proceeding against his appellate counsel.

Thereafter, Forbes filed the instant motion to vacate.[6] In his motion he claims that his counsel was ineffective because he: (1) failed to investigate his prior state court conviction; (2) failed to object to the omission of the colloquy pursuant to 21 U.S.C. § 851(b); and (3) failed to object to the § 851 enhancement on the grounds that Forbes' prior state court conviction involved a conspiracy and did not involve 50 grams or more of narcotics.  The Government has filed an objection to the motion to vacate, and this matter is ready for decision.[7]

II.  DISCUSSION

A.  General Principles

The grounds justifying relief under 28 U.S.C. § 2255[8] are limited to instances when the court finds a lack of

---

[6] With his motion Forbes filed a Memorandum of Law ("Pet'r's Mem.") with attached documentation concerning his prior conviction.

[7] No hearing is required in connection with any issues raised by this motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that his claims are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (holding that district court properly may forego any hearing "when . . . the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible") (internal quotations and citation omitted).

[8] Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of

jurisdiction, a constitutional error, or a fundamental error of law. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979) ("[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.") (internal citation and quotation marks omitted). Although claims of sentencing errors are generally not cognizable in a § 2255 proceeding absent "exceptional circumstances," claims of ineffective assistance of counsel with respect to sentencing are not subject to this hurdle. See Knight v. United States, 37 F.3d 769, 773-74 (1st Cir. 1994).

The Sixth Amendment grants each defendant the right to effective assistance of counsel. To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate:

(1) That his counsel's performance fell below an objective standard of reasonableness; and
(2) [A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

---

the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"To satisfy the deficient-performance prong, the defendant 'must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,' and the court then determines whether, in the particular context, the identified conduct or inaction was 'outside the wide range of professionally competent assistance.'" United States v. Manon, 608 F.3d 126, 131 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 690).

To satisfy the prejudice requirement under Strickland, a defendant who has pleaded guilty must show "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial," Hill v. Lockhart, 474 U.S. 52, 59 (1985), or that his sentence would have been less harsh, see Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010).

B.  Claims Asserted

1.  Failure to Challenge Omission of § 851 Colloquy

Forbes first claims that his counsel erred by not objecting to the Court's failure to conduct the colloquy required under 21 U.S.C. § 851(b).[9] (Mot. to Vacate, Ground One.) However, Forbes

---

[9] Title 21 U.S.C. § 851(b) provides in pertinent part:

[T]he court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him

8

raised the Court's failure to conduct such a colloquy as part of his direct appeal, and the claim was rejected by the First Circuit, which found no presumption of prejudice arising from, and no plain error in, the sentencing court's omission.[10] See Forbes, No. 07-1971, slip op. at *1 (1st Cir. Jan. 9, 2009) (citing United States v. Borrero-Acevedo, 533 F.3d 11, 15-17 (1st Cir. 2008)); see also United States v. Henry, 519 F.3d 68, 74 (1st Cir. 2008) ("The mere failure to conduct a § 851 colloquy is harmless error."). Because there was no plain error in the omission, and because Forbes did not dispute the existence of the prior conviction in any event, defense counsel was not deficient for failing to challenge Forbes' plea on this basis. Moreover, Forbes has not made any showing that he would not have pleaded guilty had the sentencing court conducted the § 851 colloquy or that he was otherwise prejudiced as a result of counsel's failure to challenge the sentencing court's omission. See Strickland, 466 U.S. at 692.

---

that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

[10] The First Circuit's rejection of this claim on direct appeal forecloses Forbes' attempt here (Pet'r's Mem. 15-16) to assert a direct claim based on the sentencing court's failure to conduct the § 851 colloquy. See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) ("issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion") (internal quotations and citation omitted); Argencourt v. United States, 78 F.3d 14, 16 n.1 (1st Cir. 1996).

9

### 2. Failure to Investigate and Challenge Sufficiency of Prior Conviction

Forbes next claims that his counsel was ineffective for failing to independently investigate and challenge his prior state court conviction. He contends that had counsel reviewed the records of that prior conviction, those records would have shown errors in the acceptance of his plea, so as to render the conviction invalid for § 851 purposes. (Mot. to Vacate, Ground Two; Pet'r's Mem. 7-8.)

This claim fails for several reasons. First, Forbes admitted to the existence of his prior offense on several occasions at his plea and sentencing, and thus his counsel had no duty to investigate it. See Easley v. United States, Nos. C 07-4110-MWB, CR 05-4107-MWB, 2009 WL 2960768, at *8 (N.D. Iowa Sept. 14, 2009) ("Because there was no flaw in the § 851 Notice, and because [the defendant] had admitted to his counsel that he had committed the prior offense identified in the § 851 Notice, counsel did not perform deficiently by refusing to assert a frivolous objection to the § 851 enhancement.").

Second, a prior conviction may not be challenged at a subsequent federal sentencing on grounds other than a violation of the right to counsel. Custis v. United States, 511 U.S. 485, 489 (1994); See also Mateo v. United States, 398 F.3d 126, 133-34 & n.7 (1st Cir. 2005) (applying Custis holding). Here, the

10

record shows that Forbes was represented by counsel at his prior state conviction. (See PSR ¶ 36.) Thus, Attorney Roy was not deficient in failing to investigate the adequacy of Forbes' prior conviction as a predicate for the § 851 enhancement here, when Supreme Court case law precluded such a challenge.[11]

Even apart from these general considerations, Forbes' claims of ineffective assistance regarding specific aspects of his counsel's representation are without merit.

### a. Nature of Prior Conviction and Drug Quantity Involved

Forbes claims that his counsel was ineffective in failing to object to the § 851 enhancement because the prior drug conviction (a) involved a conspiracy (Mot. to Vacate, Ground Three; Pet'r's Mem. 12-13) and (b) did not involve 50 grams or more of narcotics. (Mot. to Vacate, Ground Four; Pet'r's Mem. 17-20.)[12] As to the first asserted ground, the record shows that Forbes' prior drug conviction in state court was not for conspiracy, but for possession with intent to deliver a

---

[11] As discussed infra, in order to challenge the use of this prior conviction in connection with his federal sentence, Forbes would first need to successfully apply to the state court to overturn his state conviction. See Custis, 511 U.S. at 489.

[12] It is unclear whether Forbes' arguments concerning the dismissal of the conspiracy charge and the quantity of drugs pertain to his predicate offense or to the instant offense. To the extent that these claims pertain to the offenses that are the subject of the instant case, they are discussed infra.

11

controlled substance. (See PSR ¶ 36.) The state conspiracy charge was dismissed at Forbes' sentencing on the drug distribution charge. (See PSR ¶ 36.) Thus, this claim is based on a mistaken factual premise and fails.[13]

Likewise, Forbes' claim that because his predicate state offense did not involve 50 grams or more of cocaine base, it could not be used to enhance his current sentence is equally misguided. There is no requirement under either § 851 or § 841(b)(1) that a prior drug conviction used to enhance a federal sentence for a subsequent drug offense involve a minimum amount of drugs. By its terms the enhanced penalty provision of § 841(b)(1)(A) applies to "a prior conviction for a felony drug offense."[14] Here, as part of his prior drug conviction, Forbes was sentenced to five years imprisonment for possession with intent to deliver a controlled substance. (PSR ¶ 36.) Thus,

---

[13] Forbes' invocation of 28 U.S.C. § 994(h) in connection with this point is misguided. That provision requires the United States Sentencing Commission to assure that the guidelines specify a sentence "at or near the maximum term authorized" for defendants who were convicted of certain felony drug offenses. The provision does not trump the mandatory minimum penalties set forth in 21 U.S.C. § 841(b)(1)(A) for repeat drug offenders.

[14] A 'felony drug offense' is defined "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressants or stimulant substances." 21 U.S.C. § 802(44).

that conviction was unquestionably a felony drug offense that could properly be the subject of the government's § 851 information.

### b. State Court Plea Colloquy

Forbes further claims that his state court conviction should not have been used to enhance his sentence because he was not advised by the state sentencing court that the conviction could be used to enhance Forbes' future sentences. (Pet'r's Mem. 7.) However, "a plea's possible enhancing effect on a subsequent sentence is merely a collateral consequence of the conviction; it is not the type of consequence about which a defendant must be advised before the defendant enters the plea." Wright v. United States, 624 F.2d 557, 561 (5th Cir. 1980); See also United States v. Campusano, 947 F.2d 1, 4-5 (1st Cir. 1991); McCarthy v. United States, 320 F.3d 1230, 1234 (11th Cir. 2003) (citing Wright); Steele v. Murphy, 365 F.3d 14, 17 (1st Cir. 2004) (noting that defendant need only be advised of direct consequences of his plea rather than collateral consequences). Neither the state sentencing judge nor Forbes' counsel was constitutionally required to make him aware of such a remote, collateral consequence, and the failure to do so did not preclude the use of that prior drug conviction to enhance Forbes' sentence here.

In short, Forbes has failed to demonstrate either deficient performance by his counsel or prejudice with respect to the § 851 information. See Strickland, 466 U.S. at 688. The record shows that Attorney Roy filed two pretrial motions challenging the government's § 851 information and argued extensively against the enhancement at three different hearings. The fact that he was not successful does not render his performance deficient.[15] See Strickland, 466 U.S. at 699 (so long as a strategy or tactic employed by counsel was reasonable, that tactic is not a ground for attack even if it proved unsuccessful). Moreover, Forbes admitted to his prior drug felony conviction on several occasions during the proceedings. See Betterton v. United States, Nos. C 07-3014-MWB, CR 03-3014 MWB, 2009 WL 2255768, at *19 (N.D. Iowa July 27, 2009) ("Where a defendant acknowledged prior convictions . . . the court cannot say that trial counsel performed deficiently . . . in failing to challenge the validity of the prior convictions.").[16]

---

[15] Forbes points to Attorney Roy's comment that "I don't feel very good about my role as a defense attorney this morning" (Sent. Tr. 8) as some sort of indication that counsel performed deficiently. To the contrary, the comment reflects defense counsel's frustration with the fact that Forbes was unavoidably subject to the enhanced mandatory minimum sentence of 20 years as a result of the filing of the § 851 information.

[16] Forbes' reliance on Funk v. United States, 552 U.S. 1088, (2008), is as puzzling as it is misplaced. Upon appeal of this ruling, the Supreme Court granted certiorari and remanded to the Sixth Circuit Court of Appeals for reconsideration in light of

14

### 3. Effect of Dismissal of Conspiracy Charge

As a final ground for relief, Forbes claims that his counsel was ineffective in failing to challenge his conviction on Count II in view of the dismissal of Count I. (Mot. to Vacate, Ground Five; Pet'r's Mem. 23-24.) His argument appears to be that in order to be convicted of the possession-with-intent-to-distribute offense (Count II), the Government had to show that he conspired to do so with another person and that it failed to do so because the conspiracy count (Count I) was dismissed.[17]

This claim is flawed both factually and legally. The Government was not required to present any evidence on the conspiracy count, because that count was dismissed. Moreover, there is no requirement that a defendant be convicted of a conspiracy in order to be convicted of possession with intent to distribute a controlled substance, given that they are separate offenses. See Iannelli v. United States, 420 U.S. 770, 777 (1975) ("Traditionally the law has considered conspiracy and the

---

Gall v. United States, 552 U.S. 38 (2007). The circuit court's decision on remand upholding the original sentence imposed, United States v. Funk, 534 F.3d 522 (6th Cir. 2008), was itself vacated pending rehearing en banc, but the appeal was later dismissed. 560 F.3d 619 (6th Cir. 2009). Thus, this decision has no precedential value here.

[17] Forbes asserts: "The government presented no evidence to tie Forbes to those with whom Forbes conspired to distribute cocaine base." (Pet'r's Mem. 23.)

15

completed substantive offense to be separate crimes."); accord United States v. Lopez, 944 F.2d 33, 41 (1st Cir. 1991). This is particularly so where the Government voluntarily dismissed the conspiracy count in view of Forbes' guilty plea to the substantive count. Accordingly, this claim likewise fails.

III. CONCLUSION

For the foregoing reasons, Forbes' claims must be rejected and his motion to vacate is hereby DENIED and DISMISSED.[18]

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts, the Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Forbes has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

---

[18] In his conclusion (Pet'r's Mem. p. X), Forbes makes a belated attempt to either (a) preserve his right to amend the instant motion to vacate, or (b) hold the instant matter in abeyance pending the outcome of his pending proceeding in state court seeking to overturn his predicate drug conviction. Each of the requested actions is based on future speculative developments of which this Court has no knowledge, and thus both will be denied. As noted above, see supra note 11, should he succeed in overturning his predicate state conviction, Forbes may seek to modify his sentence in this Court in accordance with applicable law. This Court takes no position herein whether such request for modification would be successful.

Forbes is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter.  See Rule 11(a), Rule Governing Section 2255 Proceedings.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  September 28, 2011